PARNELL COLVIN
6681 TARA AVE
LAS VEGAS, NV 89146
PH: (503) 490-6564
EMAIL: PC681@YAHOO.COM

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 0 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVEDA

2:22-cv-01837-APG-NJK

PARNELL COLVIN,

    Plaintiff.

Vs.

TAKO LLC,

    Ddefendant.

_____/

Reply to court order to show
subject matter jurisdiction to hear case

COMES NOW Plaintiff Parnell Colvin and states this court has legal jurisdiction to hear

said case because the defendant tako llc, has violated federal laws which gives this court subject

matter jurisdiction. The defendant wants to have said case heard in The Las Vegas Justice Court

because it knows that Colvin claims would not be heard as that court has very limited authority

and only hears eviction cases. Colvin contends to this court that this is not just a simple eviction

issue but that his right to due process have been violated by the defendant and the only court that

will hear his claims of due process is the federal court where federal laws have been viloated by the

defendant.

//////

(1)

The Las Vegas Justice Court and the defendant wants this court to believe this is just a simple eviction case and it is not. Colvin civil rights have been violated and fighting a rigged eviction process that tenants have due process rights that must be followed and it is a process. The process in The Las Vegas Justice Court is all one sided you have 25-50 cases being called no trial no witnesses allowed to testify on behalf of the tenant for the most part the landlord , Agent or the landlord attorneys are allowed to speak freely as the tenants are silenced.

The cases are not heard by a judge but a hearing master often not familar with stautes and laws. In the defendant filings and submitted by the defendant it submitted a fraudulent lease contract where the defendant submitted and in doing so the defendant committed forgery for forging Ms. Brown name on the contract, forged Ms. Brown name and contact number on this illegal contract. The defendant also changed the dates on the fraudulent contract. The illegal contract was wire transfered through electronis means to commit the crime which is a federal crime.

The defendant being deceitful and filing a forged and fraudulent contract it created once the court to over look there illegal activity as they have done nothing wrong. The defendant stole Ms.Brown personal identity created a counterfiet contract by means of transmitting the fraudulent document through means of wire transmissions to commit the illegal act which violates federal law. Ms. Brown and plaintiff Colvin are victims of the defendant illegal conduct. Las Vegas Justice Court is not even capable of even hearing Colvin claims of due process it only addresses evictions and not any other legal arguments  is a denial of Colvin due process rights.

/////////

Colvin claims are about federal laws being broken by the defendant and I have constitutional rights to seek justice including Ms. Brown. At a prior hearing hearing master that was hearing the case soon realized that the lease contract submitted by the defendant was fraudulent Ms. Brown was an occupant not a tenant so she could not be evicted the process has to start with the tenant which was Colvin as the only listed tenant in the contract. Once the hearing master realized he was dealing with a forged, fraudulent and identity theft he stopped the proceedings and asked where was ( Parnell).

Ms.Brown stated I was at work once Colvin got home Ms. Brown had informed him what happend at court and Ms. Brown was confused about how the hearing master knew all her personal information since she is not listed in the contract as a tenant but as a occupant. Colvin knew something was not right and followed his instincts. Colvin went to the Clerks office to get a copy of the eviction complaint the defendant filed and thats when Colvin realized that the defendant had created a fraudulent contract and altered Colvin original lease contract.

The crimes committed are identity theft of Ms.Brown, the lease dates were changed, Ms.Brown name and number was added to the fraudulent lease without her knowlege or consent. Then the document was wire transmitted in furtherence to commit the illegal crime which is a federal crime. Not mention Colvin was never served Colvin and Ms. Brown have the right to pursue justice against the defendant in federal court because they have committed federal offences. Colvin has submitted his origianl contract please see ( TENANT LEASE ) the court will see the only name on the contract is Colvin. The only contact number is Colvin, the only initials is Colvin, the signature is Colvin.

The only person listed in the contract as a tenant is Colvin. Colvin, has also submitted the fraudulent, forged and identity theft contract the defendant submitted to the court knowing it was a fraudulent contract. Please see  ( LANDLORD COPY). The court will see te defendant wrote in wife, contact number, name and changed the contract dates this is a fraudulent contact that the defendant created then filed this fraudulent contract with the court. The defenadant was attempting to use the fraudulent contract it created , prepared and filed with the court to get an illegal advantage in the court proceedings.

Colvin filed a complaint with the State of Nevada Attorney General Office please see complaint form. Colvin was also advised to file a federal complaint because the crimes were also committed through the use of wire  transmissions which is a federal crime. Colvin also filed a complaint with the (FBI) the court should take note that the (FBI) usually dont comment on investigations it is investigating. Federal wire fraud laws is a federal crime the use of wire, radio or television communications to further that schem. Here the defendant use of wire transmission to further there conspiracy to commit the fraud the contract was wire transmitted which is a federal crime.

This gives this court subject matter jurisdiction to hear said case. The wire fraud statue was enacted by congress in 1952 as a means of extending mail fraud laws to cover forms of fraud carried out through means of communication other than mail. Both mail fraud and wire fraud are both federal crimes and Colvin believes the defendant have violated both statues.

/////////

(4)

The Department of Justice prosecutes cases of identity theft and fraud under a variety of

federal statues in the fall of 1998, for example, congress passed the

( IDENTITY THEFT AND ASSUMPTION DETERRENCE ACT). This legislation created a new

offenense of identity theft, which prohibits " Knowingly transfering or using, without lawful

authority, a means of identification of another person with the intent to commit, or to aid, or abet, any

unlawful activity that constitutes a felony under any applicable state or local law.

" 18 U.S.C. 1028(A)(7).

Schemes to commit identity theft or fraud may also involve violations of other statues such as

identification fraud (18 U.S.C. 1028), credit card fraud ( 18 U.S.C. 1029), computer fraud

( 18 U.S.C. 1030), mail fraud ( 18 U.S.C. 1341), wire fraud easch of these offenses are federal.

Colvin believes he has met the subject matter jurisdiction and his case against the defendant

should continue in federal court. The federal court is the proper venue to hear Colvin claims also

Ms. Brown is also a victim and also has a cause of action against the defendant for the illegal

misconduct.

Colvin is also requesting the courts permission to amend his complaint as Ms. Brown want to

be a party to these proceedings as she was a victim. Ms. Brown wants to hold the defendant

accountable for abusing her personal identity and information and illegally using it to commit

federal crimes. Both Colvin and Brown believe the court has the jurisdiction to hear said case and

justice needs to be served and that is by holding the defendant accountable for misconduct it

tried to secretly get away with.

## CERTIFICATE OF SERVICES

1

2

3

4

5

6

7

8

9      I certify on this day December 1, 2022 I served the defendant by placing a true and correct

10    in the U.S. Postal mailbox and mailed to the following:

11

12

13

14

15

16

17

18    TAKO LLC
      2411 TARAGATO AVE
19    HENDERSON, NV 89052

20

21

22

23

24    PARNELL  COLVIN

25

26

27

28

*TENANT COPY*

RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 0 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY



## RESIDENTIAL LEASE AGREEMENT

for

6681  Tara Ave _____  Las Vegas  NV  89146

(Property Address)

1  **1. This  AGREEMENT**  is  entered  into  this  **15th**  day  of  **March** , 20 **18**  between
2  OWNER'S  Name: _____ **TAKO LLC** _____ . OWNER'S  Name: _____
3  (collectively  hereinafter.  "OWNER"  and or  "LANDLORD")  legal  owner(s)  of  the  property  and
4  TENANT's Name: _____ **Parnell Colvin** _____  TENANT's Name: _____
5  TENANT's Name: _____ **503-490-6564** _____  TENANT's Name: _____
6  (collectively.  "TENANT").  which parties hereby agree to as follows:
7

8  **2. PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD. subject to
9  the terms and conditions of the lease. the Premises known and designated as  **6681   Tara Ave**
10 _____ **Las Vegas** _____ **NV** _____ **89146** _____  ("the Premises").  Premises Mail Box # _____
11 Parking Space # _____ . Storage Unit = _____ . Other _____
12

13 **3. TERM:**  The  term hereof shall commence on _____ **04/01/18** _____  and continue until _____ **03/31/19** _____ , with
14 a total rent of $ _____ **31,680.00** _____ . then on a month-to-month basis thereafter. until either party shall terminate
15 the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail.  (All
16 calculation based on 30 day month). as governed by paragraph 23 herein
17

18 **4. RENT:** TENANT agrees to pay. without demand. to LANDLORD as rent for the Premises the total sum of
19 at _____ **2,640.00** _____  per  month  on  the  first  day  of  each  calendar  month.
20 LANDLORD may designate in writing _____ **6292 Spring Mountain Rd Las Vegas 89146** _____  or at such other place as
21
22

23 **5. SUMMARY:** The initial rents. charges and deposits are as follows:
24

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From 03/16/18. To 03/31/18 | $ 1387 | $ | $ 1387.00 |
| Security Deposit | $ 2600 | $ | $ 2600.00 |
| Key Deposit | $ 50 | $ | $ 50.00 |
| Admin Credit App Fee (non-refundable) | $ | $ | $ |
| Pet Deposit | $ | $ | $ |
| Cleaning Deposit | $ | $ | $ |
| Cleaning Fee (non-refundable) | $ 300 | $ | $ 300.00 |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer/Trash Proration | $ | $ | $ |
| Pre-Paid Rent | $ 40 | $ | $ 40.00 |
| Pro-Rated Rent for _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| TOTAL | $ 4377.00 | $ | $ 4377.00 |

41
42 **6. ADDITIONAL MONIES DUE:**
43    Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant
44    agrees to take care the pool, front yard and backyard by tenant
45    self.

Property  **6681  Tara Ave**
Owner's Name  **TAKO LLC** _____  Owner's Name _____ **Las Vegas** ___ **NV**  **89146**
Tenant _____ **Parnell Colvin** _____  Initials ___  Tenant _____ Initials ___
Tenant _____ **503-490-6564** _____  Initials ___  Tenant _____ Initials ___

Residential Lease Agreement Rev. 10.16                © 2016 Greater Las Vegas Association of REALTORS®          Page 1 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

## 7. ADDITIONAL FEES:

**A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ __75__ plus $ __20__ per day for each day after __3__ days that the sum was due. Such amounts shall be considered to be rent.

**B. DISHONORED CHECKS:** A charge of $ __75__ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

**C. ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

## 8. SECURITY DEPOSITS: Upon execution of this Agreement.

TENANT's Name:____Parnell Colvin____ TENANT's Name:_____503-490-6564_____
TENANT's Name:_____ TENANT's Name: :_____
shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund  At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any).  In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors. LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.)  Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

## 9. CONDITION OF PREMISES: TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

Property __6681   Tara Ave_____

| Owner's Name | | TAKO LLC | | | | Las Vegas | | NV | 89146 |
|---|---|---|---|---|---|---|---|---|---|
| Tenant | Parnell Colvin | | Initials _PC_ | Owner's Name | | | | | |
| Tenant | 503-490-6564 | | Initials ___ | Tenant | | | | Initials | |
| | | | | Tenant | | | | Initials | |

Residential Lease Agreement Rev. 10/16          © 2016 Greater Las Vegas Association of REALTORS®          Page 2 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $ ___375___ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:

___1___ Door key(s)   ___1___ Garage Transmitter Fob(s)   _____ Pool Key(s)
___1___ Mailbox key(s)   _____ Gate Card/Fob(s)   ___1___ Other(s) _Sun Room_ *YL*
_____ Laundry Room key(s))   _____ Gate Transmitter/Fob(s)   _____ Other(s) _____

TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD. The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space. TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

**14. OCCUPANTS:** Occupants of the Premises shall be limited to __6__ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises:
**Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia**

**15. GUESTS:** The TENANT agrees to pay the sum of $ ___10.00___ per day for each guest remaining on the Premises more than ___10___ days. Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than ___30___ days.

**16. UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner:

| | | | |
|---|---|---|---|
| Electricity __T__ | Trash __T__ | Trash Can Rental: __T__ | Phone __T__ |
| Gas __T__ | Sewer _____ | Cable __T__ | Other _____ |
| Water __T__ | Septic __T__ | Association Fees __N/A__ | Other _____ |

a. TENANT is responsible to connect the following utilities in TENANT'S name: _____
**ALL** _____

Property __6681  Tara Ave__
Owner's Name _____ **TAKO LLC** _____   Owner's Name _____ **Las Vegas** ___ NV __89146__
Tenant _____ **Parnell Colvin** _____ Initials _PC_   Tenant _____ Initials _____
Tenant _____ **503-490-6564** _____ Initials _____   Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16   © 2016 Greater Las Vegas Association of REALTORS®   Page 3 of 13

b.  LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: _____
N/A _____
_____

c.  No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent. TENANT shall be responsible for all costs associated with the additional lines. outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.  If an alarm system exists on the Premises. TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.  TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.  Other: _____
_____
_____

**17. PEST NOTICE:** TENANT understands that various pest. rodent and insect species (collectively. "pests") exist in Southern Nevada. Pests may include. but are not limited to. scorpions (approximately 23 species. including bark scorpions). spiders (including black widow and brown recluse). bees. snakes. ants. termites. rats. mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy. if the Premises has pests. LANDLORD. at TENANT's written request. will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers. TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:**  No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet. TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet. an additional security deposit in the amount of $___300___ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury  Said policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds.  A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises.  If TENANT obtains a pet without written permission of LANDLORD. such will be an event of default under paragraph 21. TENANT further agrees to pay an immediate fine of $___300___. TENANT agrees to indemnify LANDLORD for any and all liability. loss and damages which LANDLORD may suffer as a result of any animal in the Premises. whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

Property  6681  Tara Ave
Owner's Name _____ TAKO LLC _____  Las Vegas  NV  89146
Tenant _____ Parnell Colvin _____  Initials _PA_   Owner's Name _____
Tenant _____ 503-490-6564 _____  Initials _____   Tenant _____  Initials _____
Tenant _____  Initials _____

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

**19. RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
**N/A**

**TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.**

**20. ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER DESIGNATED PROPERTY MANAGER.

**21. DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available.

   a.   FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.

   b    TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD Owner may give an Attorney or a Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

**22. ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction.

Property  6681  Tara Ave

| Owner's Name | | | | Las Vegas | NV | 89146 |
| Tenant  Parnell Colvin | Initials | | Owner's Name | | | |
| Tenant  503-490-6564 | Initials | | Tenant | | | Initials |
| | | | Tenant | | | Initials |

Residential Lease Agreement Rev. 10.16      © 2016 Greater Las Vegas Association of REALTORS®

Page 5 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

a. ABANDONMENT. LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence.

b. If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the following rights: LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.
LANDLORD also may dispose of any of TENANTs abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by _____ 10 _____ %.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows: — — — — — — — — — — — —
**Carol 702-488-5563, Vivian 702-302-1530**

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the Premises up to and including the cost of $ _____ 100 _____. TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

Property  **6681   Tara Ave**
Owner's Name _____ **TAKO LLC** _____    Las Vegas _____ NV ___ 89146
Tenant _____ **Parnell Colvin** _ _ _ _ _   Initials __/1__    Owner's Name _____
Tenant _____ **503-490-6564** _____   Initials _____    Tenant _____ Initials _____
                                                                 Tenant _____ Initials _____

b.  TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c.  LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d.  There _____ is –OR– __X__ is not a landscape contractor whose name and phone number are as follows:
_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner. LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees. TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees. If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent.

e.  There _____ is –OR– __X__ is not a pool contractor whose name and phone number are as follows:
_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner. LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition. If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost. Said costs shall become additional rent.

f.  Smoking ___ will or __X__ will not be permitted in or about the Premises. TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises

27. **ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property  6681  Tara Ave
Owner's Name _____ TAKO LLC _____                    Las Vegas        NV    89146
Tenant _____ Parnell Colvin _____      Initials _____   Owner's Name _____
Tenant _____ 503-490-6564 _____        Initials _____   Tenant _____ Initials ____
                                                            Tenant _____ Initials ____

Residential Lease Agreement Rev 10 16        © 2016 Greater Las Vegas Association of REALTORS®

Page 7 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

a. **DISPLAY OF SIGNS.** During the last thirty (30) days of this Lease. LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community. homeowners association planned unit development. condominium development ("the Association") or such. TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations. Bylaws. Articles. Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT. TENANT's family. licensees or guests.  Noncompliance with the Governing Documents shall constitute a violation of this Agreement.  Unless billed directly to TENANT by the Association. such fines shall be considered as additional rent and shall be due along with the next monthly payment of rent.  By initialing this paragraph. TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD. at LANDLORD's expense. shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may. at its option. with 30 days' notice to TENANT. adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any). [_____] [_____] [_____]
[_____]

29. **INVENTORY:** It is agreed that the following inventory is now on said premises.  (Check if present; cross out if absent.)

| | | |
|---|---|---|
| **X** Refrigerator | ___ Intercom System | ___ Spa Equipment |
| **X** Stove | ___ Alarm System | ___ Auto Sprinklers |
| **X** Microwave | ___ Trash Compactor | ___ Auto Garage Openers |
| **X** Disposal | **X** Ceiling Fans | ___ BBQ |
| **X** Dishwasher | ___ Water Conditioner Equip. | ___ Solar Screens |
| **X** Washer | **X** Dryer | **X** Pool Equipment |
| **X** Garage Opener | ___ Gate Remotes | ___ Carpet |

___ Trash Can(s) (circle one) owner provided . trash service provided
**X** Floor Coverings (specify type) hard wood, Tile, Carpet _____
**X** Window Coverings (specify type) Blind _____

TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience; however. in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager. LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property. to include spoilage of food. beverage or clothing etc. as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

Property  6681  Tara Ave
Owner's Name _____ TAKO LLC _____  Owner's Name _____ Las Vegas _____ NV   89146
Tenant _____ Parnell Colvin _____ Initials ___   Owner's Name _____ Tenant _____ Initials ___
Tenant _____ 503-490-6564 _____ Initials ___   Tenant _____ Initials ___

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

**30. INSURANCE:** TENANT __x__ is –OR– _____ is **not** required to purchase renter's insurance. LANDLORD BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANTs negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does __x__ or does not ____ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

**31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

**32. ADDITIONAL RESPONSIBILITIES:**

a.  TENANT may install or replace screens at TENANT's own expense.  Solar screen installation requires written permission from LANDLORD.  LANDLORD is not responsible for maintaining screens.

b.  With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c.  The Premises ____ will –OR– __x__ will **not** be freshly painted before occupancy. If not freshly painted, the Premises ____ will –OR– __x__ will **not** be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d.   TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER/DESIGNATED PROPERTY MANAGER no less than __2__ business days of vacating the Premises.

e.  Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

Property  6681  Tara Ave
Owner's Name         TAKO LLC                                Las Vegas          NV    89146
Tenant         Parnell Colvin          Initials /PC    Owner's Name ____
Tenant         503-490-6564            Initials         Tenant ____
                                                         Tenant ____          Initials ____
                                                                              Initials ____

Residential Lease Agreement Rev. 10/16        © 2016 Greater Las Vegas Association of REALTORS®

                                                                              Page 9 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i. DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

Property  6681  Tara Ave

| | | | | | |
|---|---|---|---|---|---|
| Owner's Name     TAKO LLC | | | Owner's Name | | Las Vegas     NV     89146 |
| Tenant     Parnell Colvin | Initials | | Tenant | Initials | |
| Tenant     503-490-6564 | Initials | | Tenant | Initials | |

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

38. **PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

39. **VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

40. **SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

41. **LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____, and has the following interest, direct or indirect, in this transaction:   Principal (LANDLORD or TENANT) –OR–   family relationship or business interest: _____.

42. **CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage: _____   Broker's Name: _____
DESIGNATED PROPERTY MANAGER _____
Agent's Name: _____Xing R Mao_____   Agent's License # _____
Address:  6292 Spring Mountain Rd # 105 _____ Las Vegas _____ NV ___89146
Phone: _____702-248-1818_____ Fax: _____702-253-7184_____ Email: ___vivianutg@hotmail.com

LANDLORD's Brokerage: _____   Broker's Name: _____
DESIGNATED PROPERTY MANAGER _____
Agent's Name: _____   Agent's License # _____
Address: _____
Phone: _____ Fax: _____ Email: _____

43. **NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE: _____ BROKER _____
DESIGNATED PROPERTY MANAGER _____
Address: _____
Phone: _____ Fax: _____ Email: _____

TENANT:  Parnell Colvin _____ 503-490-6564 _____
Address: _____
Phone: _____ Fax: _____ Email: _____

Property  6681  Tara Ave _____ Las Vegas ___ NV ___89146
Owner's Name _____TAKO  LLC_____   Owner's Name _____
Tenant _____Parnell Colvin_____ Initials __PC__   Tenant _____ Initials _____
Tenant _____503-490-6564_____ Initials _____   Tenant _____ Initials _____

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com                                        Instanet

44. **MILITARY PROVISION:** IN THE EVENT the TENANT is. or hereafter becomes. a member of the United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders to depart from the area where the Premises are located. or is relieved from active duty. retires or separates from the military. or is ordered into military housing. then in any of these events. the TENANT may terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer. reflecting the change. which warrants termination under this clause. The TENANT will pay prorated rent for any days (he she) occupy the premises past the first day of the month. The security deposit will be promptly returned to the TENANT. provided there are no damages to the premises. as described by law.

45. **ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda. exhibits and other information:

| | |
|---|---|
| A. | Lease Addendum for Drug Free Housing |
| B. | Lease Addendum for Illegal Activity |
| C. | Smoke Detector Agreement |
| D. | HOA Rules and Regulations |
| E. | Other: _____ |
| F. | Other: _____ |
| G. | Other: _____ |
| H. | Other: _____ |

46.   **ADDITIONAL TERMS AND CONDITIONS:**
The Owner holding all the tenant security deposit.
The owner has agreed to release said security deposit to the tenant within a 30 day(end of the lease date) Said property has been maintained according to the property condition report or written, itemized account of the disposition of security deposit to the tenant.
Tenant hereby acknowledges property management is with Vivian.
Final inspection of side property. Please contact Carol Pang:702-488-5563
Vivian:702-302-1530
Landlord will not allow anybody smoke inside of the premises.
The landlord has the right to enter the property prior 24 hours notice to the tenant.
Tenant needs to take care the front yard and backyard.
Tenant needs to replace AC filter every month.
Tenant agrees to take care the pool, front yard and backyard by tenant self.
It is tenant's responsibility to follow all the HOA rules and take care the violation letter and fines.
Tenant must keep the house clean and in good condition.

Property  6681  Tara Ave _____  Las Vegas     NV    89146
Owner's Name _____ TAKO LLC ___   Owner's Name _____
Tenant ___ Parnell Colvin ___   Initials ___   Tenant _____ Initials ____
Tenant ____ 503-490-6564 ___   Initials ___   Tenant _____ Initials ____

Residential Lease Agreement Rev. 10 16     © 2016 Greater Las Vegas Association of REALTORS®     Page 12 of 13

1
2
3
4
5
6
7
8
9
10
11

12  **Landlord agrees to rent the Premises on the above terms and conditions.**

13
14
15
16  LANDLORD/OWNER                    03/15/2018          LANDLORD OWNER                     DATE
17  OR Authorized Signatory                DATE          OR Authorized Signatory
18  TAKO  LLC
19  PRINT NAME                                           PRINT NAME
20

21
22  **Tenant agrees to rent the Premises on the above terms and conditions.**

23
24
25
26  TENANT'S SIGNATURE                 03/15/2018          TENANT'S SIGNATURE                DATE
27                                         DATE
28  PRINT NAME          Parnell Colvin                  PRINT NAME          503-490-6564
29
30
31  TENANT'S SIGNATURE                 DATE             TENANT'S SIGNATURE                 DATE
32
33  PRINT NAME                                          PRINT NAME
34
35
36  **Real Estate Brokers and Designated Property Managers:**
37      A.  Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as
38          a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and
39          Tenant.
40      B.  Agency relationships are confirmed in paragraph 42.
41
42

Property   6681  Tara Ave
Owner's Name                                                    Las Vegas        NV        89146
Tenant                    TAKO  LLC                    Owner's Name
Tenant              Parnell Colvin        Initials   PA        Tenant
Tenant              503-490-6564          Initials              Tenant                        Initials
                                                                                             Initials

Residential Lease Agreement Rev. 10.16        © 2016 Greater Las Vegas Association of REALTORS®        Page 13 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

LANDLORD

FILED / ENTERED
RECEIVED / SERVED ON
COUNSEL/PARTES OF RECORD

DEC 02 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## RESIDENTIAL LEASE AGREEMENT
### for

6681 Tara Ave _____ Las Vegas ____
*(Property Address)*

**1. This AGREEMENT** is entered into this **15th** day of **March** 20 **18** between OWNER'S Name: **TAKO LLC** OWNER'S Name: _____ (collectively hereinafter, "OWNER" and or "LANDLORD") legal owner(s) of the property and TENANT's Name: **Parnell Colvin** TENANT's Name: **wife: 503-381-5158** TENANT's Name: **503-490-6564** TENANT's Name **Monique** (collectively. "TENANT"). which parties hereby agree to as follows:

**2. PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to the terms and conditions of the lease, the Premises known and designated as **6681 Tara Ave** _____ **Las Vegas** ____ **NV** __ **89146** ("the Premises"). Premises Mail Box # ____ Parking Space # _____ Storage Unit # _____ Other ____

**3. TERM:** The term hereof shall commence on **04/01/18** and continue until **03/31/20**, with a total rent of $ **63,360.00** then on a month-to-month basis thereafter, until either party shall terminate the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail. (All calculation based on 30 day month, as governed by paragraph 23 herein

**4. RENT:** TENANT agrees to pay. without demand, to LANDLORD as rent for the Premises the total sum of **2,640.00** per month on the first day of each calendar month. at **6292 Spring Mountain Rd Las Vegas 89146** or at such other place as LANDLORD may designate in writing

**5. SUMMARY:** The initial rents, charges and deposits are as follows

| | Total | | Received | | Balance Due | |
|---|---|---|---|---|---|---|
| Rent From 03/16/18 To 03/31/18 | $ | 1387 | $ | 1387 | $ | |
| Security Deposit | $ | 2600 | $ | 2600 | $ | |
| Key Deposit | $ | 50 | $ | 50 | $ | |
| Admin Credit App Fee (non-refundable) | $ | | $ | | $ | |
| Pet Deposit | $ | | $ | | $ | |
| Cleaning Deposit | $ | 300 | $ | 300 | $ | |
| Cleaning Fee (non-refundable) | $ | | $ | | $ | |
| Additional Security | $ | | $ | | $ | |
| Utility Proration | $ | | $ | | $ | |
| Sewer Trash Proration | $ | 40 | $ | 40 | $ | |
| Pre-Paid Rent | $ | | $ | | $ | |
| Pro-Rated Rent for | $ | | $ | | $ | |
| Other | $ | | $ | | $ | |
| Other | $ | | $ | | $ | |
| Other | $ | | $ | | $ | |
| **TOTAL** | $ | 4377.00 | $ | 4377.00 | $ | |

**6. ADDITIONAL MONIES DUE:**
Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant agrees to take care the pool, front yard and backyard by tenant self.

Property: **6681 Tara Ave** _____ **Las Vegas** ____ **NV** **89146**
Owner's Name **TAKO LLC** _____ Owner's Name ____
Tenant **Parnell Colvin** Initials **PC** Tenant ____ Tenant Initials ____
Tenant **503-490-6564** Initials ____ Tenant ____ Tenant Initials ____

Residential Lease Agreement Rev ____     © Greater Las Vegas Association of REALTORS®     Page 1 of 13

This form presented by Xing R Mao | AHP Realty LLC | 7022481818 |
vivianut@hotmail.com

*LANDLORD*

7. **ADDITIONAL FEES:**

  A. **LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ _75_ plus $ _20_ per day for each day after _3_ days that the sum was due. Such amounts shall be considered to be rent.

  B. **DISHONORED CHECKS:** A charge of $ _75_ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

  C. **ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. Payments will be applied to charges which become rent in the order accumulated. All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

8. **SECURITY DEPOSITS:** Upon execution of this Agreement,

  TENANT's Name: _Parnell Colvin_  TENANT's Name: ___503-490-6564___
  TENANT's Name: _____  TENANT's Name: _____
  shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

9. **CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

Property  6681  Tako Ave
Owner's Name:
Tenant         TAKO LLC                          Las Vegas        NV    89146
Tenant      Parnell Colvin              Initials  *PC*   Owner's Name:
            503-490-6564                Initials         Tenant
                                                         Tenant
                                                                          Initials
                                                                          Initials
Residential Lease Agreement (Rev. 10/1)       © The Greater Las Vegas Association of REALTORS®
                                                                          Page 2 of 12

This form presented by Xing R Mao | AHP Realty LLC | 702-246-1818 |
vivianutg@hotmail.com

LANDLORD

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $ __ .275 __ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following.

| | | | | |
|---|---|---|---|---|
| 1 | Door key(s) | 1 | Garage Transmitter/Fob(s) | |
| 1 | Mailbox key(s) | | Gate Card Fob(s) | Pool Key(s) |
| | Laundry Room key(s) | | Gate Transmitter/Fob(s) | Other(s) |
| | | | | Other(s) |

TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD.  The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space  TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others

**14. OCCUPANTS:** Occupants of the Premises shall be limited to ___ 6 ___ persons and shall be used solely for housing accommodations and for no other purpose  TENANT represents that the following person(s) will live in the Premises

**Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia**

**15. GUESTS:** The TENANT agrees to pay the sum of $ ___ 10.00 ___ per day for each guest remaining on the Premises more than ___ 10 ___ days  Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than ___ 30 ___ days

**16. UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease  TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner.

| | | | | |
|---|---|---|---|---|
| Electricity T | Trash T | Trash Can Rental T | Phone T | |
| Gas T | Sewer | Cable T | Other | |
| Water T | Septic T | Association Fees N/A | Other | |

a   TENANT is responsible to connect the following utilities in TENANT'S name

ALL

Property   6681   Tara Ave
Owner's Name            TAKO LLC                                    Las Vegas            NV      89146
Tenant      Parnell Colvin                    Initials /PC/     Owner's Name
Tenant      503-490-6564                      Initials          Tenant                    Initials
                                                                Tenant                    Initials

Residential Lease Agreement Rev 1-21              2016 Greater Las Vegas Association of REALTORS

                                                                                        Page 5 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

# LANDLORD

b.   LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: __N/A__ _____

c.   No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.   If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.   TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.   Other _____

**17. PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:**   No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $___300___ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Said policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds.   A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises.   If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21.   TENANT further agrees to pay an immediate fine of $___300___. TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

Property   6601   Tara Ave
Owner's Name
Tenant                    TAKO LLC                                      Las Vegas              NV      89146
Tenant          Parnell Colvin                    Initials   *PC*      Owner's Name
                503-490-6564                      Initials              Tenant                 Initials
Residential Lease Agreement Rev. 10 6                                   Tenant                 Initials

A 2006 GREATER Vegas Association of REALTORS®

This form presented by Xing R Mao | AMP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

LANDLORD

19. **RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises, waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
**N/A**

TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.

20. **ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER DESIGNATED PROPERTY MANAGER.

21. **DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available.

a. FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.

b. TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD Owner may give an Attorney or a Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

22. **ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement, shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction.

Property:  **6681  Tara Ave**
Owner's Name
Tenant:         **TAKO LLC**                                                        **Las Vegas**                    **NV      89146**
Tenant:    **Parnell Colvin**
           **503-490-6564**                Tenant's
                                           Initials  _A_           Owner's Name
                                                                   Tenant:                                    Initials
                                                                   Tenant:                                    Initials

Residential Lease Agreement Rev. 10/16

*Nevada Las Vegas Association of REALTORS®*

This form presented by Xing R Mac | ARP Realty LLC , 702-248-1818 ;
vivianutg@hotmail.com

LANDLORD

a. **ABANDONMENT** LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence

b. If at any time during the term of this Lease, TENANT abandons the Premises. LANDLORD shall have the following rights  LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting  At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.
LANDLORD also may dispose of any of TENANT's abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by _____ 10 _____ %.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT's property  TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows
**Carol 702-488-5563, Vivian 702-302-1530**

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition  TENANT shall immediately report to the LANDLORD any defect or problem on the Premises  TENANT agrees to notify LANDLORD of any water leakage and or damage within 24 hours of the occurrence  TENANT understands that TENANT may be held responsible for any water and or mold damage, including the costs of remediation of such damage  TENANT shall be responsible for any MINOR repairs necessary to the Premises up to and including the cost of $ _____ 100 _____ TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general   At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs   TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs  However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

Property  6681  Tara Ave
Owner's Name

| TAKO LLC | | Las Vegas | | NV | 89146 |
Owner's Name
Tenant           Parnell Colvin       Initials  /C        Owner's Name
Tenant           502-490-6564       Initials            Tenant                        Initials
                                                        Tenant                        Initials

Residential Lease Agreement Rev  1.16               © The Greater Las Vegas Association of REALTORS®

Page 8 of 13

LANDLORD

b.   TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense

c.   LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d.   There _____ is -OR   X   is not a landscape contractor whose name and phone number are as follows:

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner.  LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees. TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees. If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent

e.   There _____ is  OR   X   is not a pool contractor whose name and phone number are as follows:

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner.  LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition. If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost. Said costs shall become additional rent

f.   Smoking _____ will or   X   will not be permitted in or about the Premises. TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

27. ACCESS: TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with then vendors to make necessary required repairs. TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency

Property  6682  Tara Ave
Owner's Name          TAKO LLC                                                   Las Vegas              NV   89146
Tenant          Parnell Colvin                 Initial/  PC          Owner's Name
Tenant          503-490-6564                   Initials                Tenant

Residential Lease Agreement Rev. 16 16

This form presented by Xing R Mae | AHP Realty LLC   702-748-1818 |
vivianutg@hotmail.com

Page 7 of 3

LANDLORD

**a.  DISPLAY OF SIGNS.** During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

**28. ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT, TENANT's family, licensees or guests.  Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as additional rent and shall be due along with the next monthly payment of rent.  By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents.  LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any) [        ] [ ...  ... ] [ ...  ... ]

**29. INVENTORY:** It is agreed that the following inventory is now on said premises. (Check if present, cross out if absent )

| | | |
|---|---|---|
| X  Refrigerator | ___ Intercom System | ___ Spa Equipment |
| X  Stove | ___ Alarm System | ___ Auto Sprinklers |
| X  Microwave | ___ Trash Compactor | ___ Auto Garage Openers |
| X  Disposal | X  Ceiling Fans | ___ BBQ |
| X  Dishwasher | ___ Water Conditioner Equip. | ___ Solar Screens |
| X  Washer | X  Dryer | X  Pool Equipment |
| X  Garage Opener | ___ Gate Remotes | ___ Carpet |

Trash Can(s) (circle one) owner provided  trash service provided
X  Floor Coverings (specify type) hard wood, Tile, Carpet
X  Window Coverings (specify type) Blind

TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience, however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager, LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property, to include spoilage of food, beverage or clothing etc as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

Property  6681  Tara Ave
Owner's Name                                                          Las Vegas          NV     89146
Tenant        TAKO LLC
Tenant     Parnell Colvin        Initials  A       Owner's Name                        Initials
             503-490-6564         Initials           Tenant                             Initials
                                                     Tenant
Residential Lease Agreement Rev. 16.4b            2016 Greater Las Vegas Association of REALTORS

Page 8 of 13

This form presented by Xing R Mao | AMP Realty LLC | 702-249-1936 .
vivianuto@hotmail.com

LANDLORD

**30. INSURANCE:** TENANT   **X**   is OR ___ is not required to purchase renter's insurance. LANDLORD BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANT's negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is unhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does   **X**   or does not ___ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

**31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

**32. ADDITIONAL RESPONSIBILITIES:**

a.   TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b.   With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c.   The Premises ___ will OR   **X**   will not be freshly painted before occupancy. If not freshly painted, the Premises ___ will OR   **X**   will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d.   TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER-DESIGNATED PROPERTY MANAGER no less than   2   business days of vacating the Premises.

e.   Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

Property   6681   Tara Ave
Owner's Name
Tenant        TAKO LLC
              Parnell Colvin                                    Las Vegas           NV      89146
              503-490-6564        Initials  /R.     Owner's Name
                                  Initials          Tenant
                                                    Tenant                          Initials
Residential Lease Agreement Rev. 10-16                                              Initials

Greater Las Vegas Association of REALTORS®

                                                                                   Page 9 of 11

LANDLORD

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist. TENANT will notify LANDLORD in writing and provide a copy of the assessment-inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate political party or ballot question.

i. DANGEROUS MATERIALS: TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

| Property | 6681 Tara Ave | | | | Las Vegas | | NV | 89146 |
|---|---|---|---|---|---|---|---|---|
| Owner's Name | TAKO LLC | | | Owner's Name | | | | |
| Tenant | Parnell Colvin | Initials | R | Tenant | | | Initials | |
| Tenant | 503-490-6564 | Initials | | Tenant | | | Initials | |

Residential Lease Agreement Rev. ...       ...Nevada Las Vegas Association of REALTORS       Page 10 of 15

This form presented by Xing R Mao | AHP Realty LLC | 702-249 1818 |
viviannngathoomail com

LANDLORD

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

**41. LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____ and has the following interest, direct or indirect, in this transaction: Principal (LANDLORD or TENANT)- OR- family relationship or business interest: _____

**42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage:
DESIGNATED PROPERTY MANAGER                   Broker's Name: _____
Agent's Name:          Xing R Mao
Address:  6892 Spring Mountain Rd # 305        Agent's License #: _____
Phone:       702-248-1818      Fax:  702-253-7184    Las Vegas          NV  89146
                                               Email:   vivianutg@hotmail.com

LANDLORD's Brokerage:
DESIGNATED PROPERTY MANAGER                   Broker's Name: _____
Agent's Name: _____
Address: _____                            Agent's License #: _____
Phone: _____  Fax: _____
                                               Email: _____

**43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE:
DESIGNATED PROPERTY MANAGER                    BROKER:
Address: _____
Phone: _____  Fax: _____             Email: _____

TENANT  Parnell Colvin
Address: _____       503-490-6564
Phone: _____  Fax: _____             Email: _____

Property  6881 Tara Ave
Owner's Name:              TARO LLC
Tenant
Tenant     Parnell Colvin        Initials  A.C.    Owner's Name    Las Vegas    NV    89146
           503-490-6564          Initials          Tenant
                                                   Tenant
Residential Lease Agreement Rev. 10/16                              Initials
                                                                   Initials
© This form the Las Vegas Association of REALTORS®

Page 11 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818
vivianutg@hotmail.com

LANDLORD

**44. MILITARY PROVISION:** IN THE EVENT the TENANT is, or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, or is ordered into military housing, then in any of these events, the TENANT may terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer, reflecting the change, which warrants termination under this clause. The TENANT will pay prorated rent for any days (he she) occupy the premises past the first day of the month. The security deposit will be promptly returned to the TENANT, provided there are no damages to the premises, as described by law.

**45. ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other information:

A.     Lease Addendum for Drug Free Housing
B.     Lease Addendum for Illegal Activity
C.     Smoke Detector Agreement
D.     HOA Rules and Regulations
E.     Other:
F.     Other:
G.     Other:
H.     Other:

**46.     ADDITIONAL TERMS AND CONDITIONS:**
The Owner holding all the tenant security deposit.
The owner has agreed to release said security deposit to the tenant within a 30 day(end of the lease date) Said property has been maintained according to the property condition report or written, itemized account of the disposition of security deposit to the tenant.
Tenant hereby acknowledges property management is with Vivian.
Final inspection of side property. Please contact Carol Pang:702-488-5563
Vivian:702-302-1530
Landlord will not allow anybody smoke inside of the premises.
The landlord has the right to enter the property prior 24 hours notice to the tenant.
Tenant needs to take care the front yard and backyard.
Tenant needs to replace AC filter every month.
Tenant agrees to take care the pool, front yard and backyard by tenant self.
It is tenant's responsibility to follow all the HOA rules and take care the violation letter and fines.
Tenant must keep the house clean and in good condition.

Property  6001  Tara Ave
Owner's Name          TAKO LLC                                    Las Vegas          NV    89146
Tenant    Parnell Colvin       503-490-4564
Tenant

This form presented by Xing R Mao | AMP Realty LLC | 702-248-1819 ;
vivianutg@hotmail.com

Page 12 of 13

LANDLORD

Landlord agrees to rent the Premises on the above terms and conditions.

*Xing R Mai*                     03/15/2018
LANDLORD/OWNER               DATE            LANDLORD/OWNER                     DATE
OR Authorized Signatory                      OR Authorized Signatory
TRIO, LLC
PRINT NAME                                   PRINT NAME

Tenant agrees to rent the Premises on the above terms and conditions.

                                 03/15/2018
TENANT'S SIGNATURE               DATE        TENANT'S SIGNATURE                 DATE
PRINT NAME    Parnell Colvin                           503-490-6584
                                             PRINT NAME

TENANT'S SIGNATURE               DATE        TENANT'S SIGNATURE                 DATE
PRINT NAME                                   PRINT NAME

**Real Estate Brokers and Designated Property Managers:**
   A.   Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as
        a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and
        Tenant
   B.   Agency relationships are confirmed in paragraph 42

Property: 6081  Tara Ave                                      Las Vegas        NV   89146
Owner's Name  TRIO LLC
Tenant      Parnell Colvin       Initials  R.     Owner's Name
Tenant       503-490-6584        Initials         Tenant                        Initials
                                                  Tenant                        Initials

Residential Lease Agreement Rev. 2015        2015 Greater Las Vegas Association of REALTORS®           Page 11 of 14

This form presented by Xing R Mai | ANP Realty LLC | 702-246-1818 |
mrwnanxg@hotmail.com

# STATE OF NEVADA
## OFFICE OF THE ATTORNEY GENERAL

100 N. CARSON ST., CARSON CITY, NV 89701 – TEL# 775-684-1100 – FAX# 775-684-1108

555 E. WASHINGTON AVE., STE 3900, LAS VEGAS, NV 89101 – TEL# 702-486-3420 – FAX# 702-486-3768

| ____ FILED | RECEIVED |
|---|---|
| ____ ENTERED | ____ SERVED ON |
| | COUNSEL/PARTIES OF RECORD |

**DEC 0 2 2022**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

# COMPLAINT FORM

The information you provide on this form may be used to help us investigate violations of state laws. Please be sure to complete all required fields. The length of this process can vary depending on the circumstances and information you provide. The Attorney General's office may contact you if additional information is needed. Supplemental materials can be attached to Section 6 of this complaint form, and if additional supplemental materials are acquired after submitting this form, please email them to AGCOMPLAINT@ag.nv.gov with COMPLAINT in the subject line.

## ***ONLY COMPLAINTS THAT ARE SIGNED WILL BE PROCESSED***

HAVE YOU PREVIOUSLY FILED A COMPLAINT WITH OUR OFFICE? ☐ YES ☒ NO
If so, what are the approximate dates of previously filed complaint(s)?

## SECTION 1: COMPLAINANT INFORMATION

| LAST NAME: Colvin | FIRST NAME: Parnell | |
|---|---|---|
| ORGANIZATION: | | M.I. |
| ADDRESS: 6681 Tara Ave | CITY: Las Vegas | STATE: Nv | ZIP: 89146 |
| PHONE/MOBILE: (503)490-6564 | EMAIL: PC681@YAHOO.COM | | |
| AGE GROUP: | UNDER 18 | x | 18 to 59 | | 60 AND OVER |
| PRIMARY LANGUAGE: English | | |

## SECTION 2: TYPE OF COMPLAINT

| ✔ GENERAL INVESTIGATIONS | MISSING CHILDREN | TICKET SALES |
|---|---|---|
| HIGH TECH CRIME | MORTGAGE FRAUD | WORKERS COMP FRAUD |
| INSURANCE FRAUD | OPEN MEETING LAW | OTHER |
| MEDICAID FRAUD | PUBLIC INTEGRITY | |

Page 1 of 6

## SECTION 3: MY COMPLAINT IS AGAINST

[✓] INDIVIDUAL [✓] BUSINESS [ ] AGENCY

NAME OF INDIVIDUAL/BUSINESS/AGENCY:
**AHP REALITY LLC / Vivian R. Mao**

| ADDRESS: 6292 W Spring Mountain Rd #105 | CITY: Las Vega | STATE: Nv | ZIP: 89146 |
|---|---|---|---|
| TELEPHONE NUMBER: (702)302-1530 | EMAIL: vivianutg@hotmail.com | | |

WEBSITE:

DATE ALLEGED VIOLATION OCCURRED: **October 1,2019 to present.**

WAS A CONTRACT SIGNED? [X] YES [ ] NO

HAVE YOU CONTACTED ANOTHER AGENCY FOR ASSISTANCE? [ ] YES [X] NO
IF SO, WHICH AGENCY?

HAVE YOU HIRED AN ATTORNEY? [ ] YES [X] NO
IF SO, PROVIDE ATTORNEY'S CONTACT INFORMATION:

IS COURT ACTION PENDING? [X] YES [ ] NO

DID YOU MAKE ANY PAYMENTS TO THE INDIVIDUAL OR BUSINESS? [ ] YES [X] NO

| HOW MUCH WERE YOU ASKED TO PAY? **$2750.00** | HOW MUCH DID YOU ACTUALLY PAY? **Nothing** |
|---|---|
| DATE OF PAYMENT: | PAYMENT METHOD: |

*Continue to Section 4 to describe complaint.*

Facebook: /NVAttorney General  Twitter: @NevadaAG  YouTube: NevadaAG

# SECTION 4:  DESCRIBE YOUR COMPLAINT:

*(to add attachments, see Section 5)*

I signed a initial one year rental lease on March 15,2018. during the course of my lease I signed a two year extension. My lease want expire until March 31,2021 I have submitted my original lease for review marked tenant lease. My two year extension is just a cover page where ( AHP REALITY LLC) just added the new dates and I signed my new lease extension. On or about October 2,2019 ( AHP REALITY LLC) and property manager ( Vivian R. Mao) tried to illegally evict me. I had a court date in front of Las Vegas Justice Court hearing master (David Brown). I was not present at the hearing because I had to work but occupant ( Monique Brown) attended the hearing.

During the hearing the court kept referring to Ms. Brown, as a tenant which she is not listed as one in my lease only I am. The tenant is the one that gets evicted then all others follow as occupants. During the hearing the court kept referring to Ms. Brown, as a tenant because her personal information was listed on my lease. Once I spoke with Ms. Brown, and she informed me of the court saying she was a tenant, her name and contact number was on my lease. Which it should not be I am the only person that signed the lease and initial all required areas.

I was concerned about the court actions so I went to the clerks office to get a copy of the complaint the property manager filed and the lease it submitted to the court. I have enclosed the lease marked landlord. Upon review I noticed the landlord added
Ms. Brown, name and contact information to my lease to make it appear to the court that she was a tenant. The landlord also changed the dates of my lease to make it seem I signed a one lease for two years from 04/01/18 to 03/31/20.

The landlord actions are illegal this is fraud, forgery and identity theft. Ms. Brown, initials are not on my original lease her contact information is not on my original lease and the dates of my original lease were fraudulently changed. Please look at the two versions of the leases submitted this is criminal conduct. I contacted the landlord and informed her that I found out about the changing of and altering my lease and submitted the fraudulent lease to the court she admitted she did it. On about October 21,2019 we had an emergency that required immediate assistance I contacted property manager
( Vivian R. Mao) and she replied via text dont contact her no more because she no longer manage the property. I requested the owner contact number she never provided the information.

Months have went by and I never heard from the landlord and on February 2, 2020 I received a notice from the old landlord because the last correspondence I received she told me we dont contact her because she no longer manages the property. I wanted to verify that Vivian R. Mao, is now managing the property again. Before I give her $2750.00 she never would confirm she was managing the property again neither would her office confirm she was managing the property again. I have text  her numerous times trying to confirm she was and to date she has never stated she is again managing the property again. I believe she is attempting to extort monies from me.

Finally the governor has put in place an eviction moratorium and yet the landlord is still attempting to evict me which is in violation of the governors orders.

EMAIL AGCOMPLAINT@ag.nv.gov to submit any additional information

## SECTION 5: EVIDENCE

List and attach photocopies of any relevant documents, agreements, correspondence or receipts that support your complaint.  Copy both sides of any canceled checks that pertain to this complaint.

## My original lease marked tenant lease and lease marked landlord.

## SECTION 6: WITNESSES

List any other known witnesses or victims.  Please provide names, addresses, phone numbers, email address and website information.

Monique Brown
6681 Tara Ave
Las Vegas, Nv 89146
(503) 381-5158

## SECTION 7: SIGN AND DATE THIS FORM

(The Attorney General's Office will not process any unsigned, incomplete or illegible complaint forms)

I understand that the Attorney General is **not my private attorney**, but rather represents the public by enforcing laws prohibiting fraudulent, deceptive or unfair business practices. I understand that the Attorney General does **not** represent private citizens seeking refunds or other legal remedies. I am filing this complaint to notify the Attorney General's Office of the activities of a particular business or individual. I understand that the information contained in this complaint may be used to establish violations of Nevada law in both private and public enforcement actions. In order to resolve your complaint, we may send a copy of this form to the person or firm about whom you are complaining. I authorize the Attorney General's Office to send my complaint and supporting documents to the individual or business identified in this complaint. I also understand that the Attorney General may need to refer my complaint to a more appropriate agency.

I certify under penalty of perjury that the information provided on this form is true and correct to the best of my knowledge.

### ****ONLY COMPLAINTS THAT ARE SIGNED WILL BE PROCESSED****

SIGNATURE: _____

PRINTNAME: PARNELL COLVIN

DATE: 6/6/2020

Facebook: /NVAttorneyGeneral  Twitter: @NevadaAG  YouTube: NevadaAG

Page 4 of 6

## ➢ SECTION 8: OPTIONAL INFORMATION

*GENDER:* [✓] MALE   [ ] FEMALE

*ETHNICITY:*

| | | |
|---|---|---|
| [ ] WHITE/CAUCASIAN | [✓] BLACK/AFRICAN AMERICAN | [ ] HISPANIC/LATINO |
| [ ] NATIVE AMERICAN/ALASKAN | [ ] ASIAN/PACIFIC ISLANDER | [ ] OTHER: |

*HOW DID YOU HEAR ABOUT OUR COMPLAINT FORM (CHOOSE ONE):*

| | |
|---|---|
| [ ] CALLED/VISITED OUR CARSON CITY OFFICE | [✓] SEARCH ENGINE |
| [ ] CALLED/VISITED OUR LAS VEGAS OFFICE | [✓] AG SOCIAL MEDIA SITE |
| [ ] CALLED/VISITED OUR RENO OFFICE | [ ] ATTENDED AN AG PRESENTATION |
| [ ] NEVADA OFFICIAL/ELECTED OFFICIAL | [ ] OTHER |

*MARK ALL THAT APPLY*

| | |
|---|---|
| [ ] INCOME BELOW POVERTY LEVEL | [ ] MILITARY SERVICEMEMBER |
| [ ] DISASTER VICTIM | [ ] IMMEDIATE FAMILY OF SERVICEMEMBER/VETERAN |
| [ ] PERSON WITH DISABILITY | [ ] VETERAN |
| [ ] MEDICAID RECIPIENT | [ ] OTHER: |

Facebook: /NVAttorneyGeneral  Twitter: @NevadaAG  YouTube: NevadaAG

EMAIL AGCOMPLAINT@ag.nv.gov to submit any additional information

## ADDITIONAL COMMENTS:

*What are you hoping the Attorney General's office can do for you?*

I am requesting that Attorney General office will bring charges against the landlord Vivian R. Mao, and AHP REALITY LLC. There conduct is clearly illegal. They committed fraud, forgery, identity theft and are in violation of the governors eviction moratorium order. They must be held accountable for there deliberate and intentional illegal conduct and actions.

EMAIL AGCOMPLAINTS@ag.nv.gov to submit any additional information